DAVIS, *alias* HENNESSY, *v.* THE STATE.

(The Gold Brick Case.)

(*Nashville.*    March 7th, 1887.)

1. CRIMINAL LAW.    *Continuance.    Negligence of applicant.*

   Where, at the term of court at which an indictment is found, a criminal case is set for trial nine days after the arraignment of defendant, and he obtains a further postponement of the trial for one week, to take the depositions of certain non-resident witnesses — notice of taking which is waived by the Attorney-General—and where the defendant, at the expiration of the week granted him, admits he has made no effort to take said depositions, there is no error in refusing him a continuance for want of such evidence.

2. SAME.    *Same.    No reversal for absent witness, when.*

   Where, in a criminal case, a continuance is applied for, at the first term, on account of the absence of an alleged material witness, and refused; error cannot be predicated of such refusal, if on the motion for a new trial the witness is examined and discloses that he knew nothing material to the case.

3. SAME. *General verdict on indictment containing several counts. Charge of Court.*

A general verdict upon an indictment charging larceny and "false pretenses" in different counts is good, although one of the offenses charged is infamous and the other is not; and the law in such case refers the verdict to the higher offense. And, while it is contrary to the better practice, yet it is not reversible error, for the trial Judge to instruct the jury in such case to return a general verdict, if this Court can see the defendant was not prejudiced thereby, and the evidence clearly establishes his guilt of the higher offense.

Cases cited and approved: Ayrs *v.* State, 5 Cold., 28; Kelly *v.* State, 7 Bax., 84; Hall *v.* State, 3 Lea, 558; Parham *v.* State, 10 Lea, 503.

---

### FROM DAVIDSON.

---

Appeal in error from Criminal Court of Davidson County. MATT. W. ALLEN, J.

JAMES M. QUARLES and ELI MORRIS for Davis.

Attorney-General PICKLE for State.

CALDWELL, J. This is known as the "gold brick" case. There are two counts in the indictment— the *first* for obtaining money under false pretenses, and the *second* for larceny of the money.

The prisoner was arraigned four days after the finding of the indictment, and on the day of arraignment the case was set for trial nine days later. On the first day set for trial the defendant asked for further time. One week more was granted, and, upon motion of defendant, an order was entered permitting him to take the deposi-

tions of certain persons in New Orleans and in St. Louis. The same order contained a waiver by the Attorney-General, on behalf of the State, of notice of the time of taking the proposed depositions. When the second day fixed for trial arrived the defendant was put upon trial, his motion for a continuance having first been overruled.

The jury returned a general verdict of guilty, assessing the punishment at five years' imprisonment in the penitentiary.

Upon this verdict the Court pronounced judgment; and as a part of the judgment the defendant was adjudged to be "infamous," etc., in accordance with § 6065, New Code.

The defendant has appealed in error.

It is *first* insisted, on behalf of the prisoner, that he should have been allowed a continuance. In this we do not agree with counsel. The affidavit for continuance gives the names of six persons whose evidence defendant says is material to his defense, and which he hopes to have at the next term of the court. *Five* of these persons are the same for the taking of whose depositions he had, one week before, obtained an order of the Court. Yet, when his affidavit was presented, and the Court asked defendant's counsel " whether any steps had been taken by them to take the depositions," his counsel said " that none had been taken, but that the defendant had written letters."

Because of this inaction, as the record shows, the continuance was refused, and we think justifi-

Davis, *alias* Hennessy, *v.* The State.

ably, so far as those five proposed witnesses are concerned. True, the time after the order was short, and might not have been the amplest for the procuring of all the depositions. Still, an effort should have been promptly made to take them, and no doubt would have been made if the defendant had in fact deemed them important to his defense. Had the endeavor been put forth the proof might have been obtained. Certainly some of it could have been, or some mode of obtaining it might have been inaugurated, and the progress made could have been presented to the Court as evidence of good faith on the part of the prisoner, and as reasonable ground for further indulgence by the Court.

The other person mentioned in the affidavit did appear before the motions in arrest and for a new trial were overruled, and his statemant upon the stand was considered by the Court upon those motions. He knew absolutely nothing that could in the remotest degree have benefited the defendant.

The refusal to grant a continuance must fail the prisoner as ground for reversal, for two reasons— *first*, because the action of the trial Judge was well warranted by the case as it then appeared to him; and *secondly*, because we can see clearly from the whole record that the prisoner was not prejudiced by that action.

After properly instructing the jury with reference to the first and second counts respectively, the trial Judge said:

Davis, *alias* Hennessy, *v.* The State.

"In case you find the defendant guilty, it is always safest for a jury to return a *general verdict*, without specifying the offense, and by fixing the punishment, leaving the Court the duty of affixing the count upon which the conviction should be placed."

The *second* and main contention of counsel for the prisoner is, that this instruction is erroneous, in that it authorized the return of a *general verdict*, when, as they say, such a verdict cannot be received or sustained, "because one offense charged is *infamous* and the other is not," or because a conviction on one count involves greater punishment than on the other. For the same reason it is insisted that the judgment should have been arrested.

The position, though plausible, is unsound and without the support of authority. That the punishment, affixed by law, for an offense charged in one count is greater or less than that for an offense charged in another affords no reason for not joining the two counts in the same indictment, and argues nothing against the validity of a *general verdict* upon the whole indictment. It is only where the two counts charge *distinct offenses growing out of different transactions* that they may not be joined, and that a general verdict is not good.

It is well settled that if the different offenses charged in the different counts grow out of the same transaction, as in the case before us, or if they be but different species of the same offense, the several counts may and should be joined in

the same indictment, and a *general verdict* will be good, though the one offense is punishable differently from the other; and the law in such case refers the verdict to the highest offense, or the highest grade of offense, charged. *Ayrs* v. *State*, 5 Cold., 28; *Kelly* v. *State*, 7 Bax., 84, and citations; *Hall* v. *State*, 3 Lea, 558, 559.

In the Hall case the indictment contained two counts, charging arson under two different sections of the Code; and there a *general verdict* of guilty was by this Court held to be good, notwithstanding the *minimum* punishment by imprisonment under one count and section was three years greater than the *minimum* punishment under the other count and section.

In view of these authorities, resting upon sound reason as they do, there can be no doubt that a *general verdict* in the case at bar would have been wholly unobjectionable if the trial Judge had said nothing about a *general verdict* in his charge to the jury; and the law would, in such case, have referred the verdict to the higher offense, and thereby have demanded the declaration of infamy as a part of the judgment. In other words, the result would, in case of a *general verdict* without instruction from the Court upon the subject, have been precisely the same that it is with such instruction.

Though we do not approve the instruction upon this point, and think it contrary to the better practice, there is no positive error of law in it;

and a reversal will not be predicated upon it when we can and do see that the defendant was not prejudiced thereby, the evidence clearly establishing his guilt of the higher offense.

In *Parham* v. *The State* there were two counts in the indictment, and a *general verdict*. The charge was absolutely erroneous as to one count, and upon that ground, and because the verdict was general, this Court was asked to reverse the judgment of conviction. The evidence did not sustain this count, but did sustain the other one, as to which the charge was unexceptionable. The judgment was affirmed, this Court saying: "The reason is that the Court can see that the defendant could. not possibly be prejudiced by what was done." 10 Lea, 503.

Affirmed.

---

In Cook *v.* The State, 16 Lea, 461, the indictment charged in different counts—stealing and receiving stolen goods. The jury were instructed to designate upon which count of the indictment they based their verdict, in the event they found the defendant guilty. Such instruction was held improper in that case.

It seems the jury should not be *instructed* at all on this point, but left to their own discretion. It is perhaps safest for the charge to be silent as to this matter.