113   539
f117   249

CRONAN *v.* STATE.

'(*Knoxville*.   September Term, 1904.)

1. **BILL OF EXCEPTIONS.  A** nullity unless filed.

It is a well-settled rule in this State that unless the record affirm-
atively shows that the bill of exceptions was filed in the court
below, it will be treated as a nullity and no error can be as-
signed thereon.

Case cited and approved:   Bundren v. State, 109 Tenn., 225.

2. **CRIMINAL LAW.  Only** one judgment can be pronounced
under indictment, charging burglary with intent to steal and
larceny.

Where, under an indictment charging a burglarious breaking and
entry into a camphouse with intent to steal and petit larceny,
the verdict is that defendant is guilty of both crimes, only one
judgment can be entered because the larceny is to be considered
as embraced in the burglary and one punishment is imposed
on one combined offense.

Cases cited:   Pardue v. State; 4 Baxter, 10;   Allen v. State, 1
Tenn. Cas., 473;  Commonwealth v. Hope, 22 Pick. (Mass.), 1.

3. **CRIMINAL PRACTICE.** Indictment charging burglary will
sustain conviction for other cognate offenses.

An indictment charging burglary in its technical sense will sus-
tain a conviction for a felonious breaking and entry into any
house of another, other than a mansion house.

Code cited and construed:   Sec. 6540 (S.); sec. 5440 (M. & V.);
sec. 4675 (1858).

4.   SAME.   Construction of term "burglary."

Under our statutes the word "burglary" is to be treated as a gen-
eric term, covering several cognate offenses, including a felon-
ious breaking and entry charged in the first count of the in-
dictment referred to in the second head above, and there was
no error in its use by the jury in framing their verdict.

Code cited and construed:  Secs. 6535-6538 (S.).

5.   SUPREME COURT.   Will correct erroneous judgment.

It is well settled that this court will correct an erroneous judg-
ment, and will enter such judgment as should have been entered
in the court below.

Cases cited:   Griffin v. State, 1 Cates, 17-35; Sword v. State, 5
Hum., 101.

---

### FROM POLK.

---

Appeal in error from the Circuit Court of Polk
County.—GEORGE L. BURKE, Judge.

JOHN S. SHAMBLIN and W. A. GUINN, for Cronan.

ATTORNEY-GENERAL CATES, for the State.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court
of Polk county under an indictment containing two
counts, charging as follows:

"That Bud Cronan heretofore, to wit: on the 15th day
of May, 1904, in the county aforesaid, did unlawfully,

feloniously, forcibly and burglariously break and enter in the nighttime the camp house of John F. Clemmer, with the intention of committing a felony, to wit, a larceny.

"Second count: And the grand jurors aforesaid upon their oath aforesaid do further present and say that on the day and year aforesaid, and in the State and county aforesaid, the said Bud Cronan did unlawfully and feloniously take, steal and carry away, one sack of flour and some cooking vessels of the value of one dollar, the personal property of John L. Clemmer with the intention of converting the same to his own use and depriving the true owner thereof, against the peace and dignity of the State."

The verdict of the jury was as follows:

"They find the defendant guilty of burglary as charged in the first count of the indictment and fix his punishment for said crime at three years in the penitentiary, and also find him guilty of larceny as charged in the second count of the indictment and fix his punishment on said second count for larceny at one day in the county jail of Polk county."

Upon this verdict judgment was entered condemning the plaintiff in error to confinement in the penitentiary at hard labor for a period of three years, and also to confinement in the county jail for a period of one day and a judgment of infamy was pronounced. From the foregoing judgment he has appealed and assigned errors.

The errors assigned are based upon the facts, but we

cannot look to these, inasmuch as the plaintiff in error was allowed thirty days to file a bill of exceptions, and it does not appear that such bill of exceptions was ever marked filed. *Bundren* v. *State,* 1 Cates, 225.

We are of opinion, however, that it was an error in the court below to render a judgment for both of the crimes charged. It is true that the defendant below might have been convicted under the indictment as framed there for feloniously breaking and entering the house referred to, or for larceny. Judgment, however, could not be entered against him for both. On a conviction under the first count, the crime averred in the second would be included. *Pardue* v. *The State,* 4 Bax., 10, 13, 14. On the latter page, the following is quoted, with approval, from *Commonwealth* v. *Hope,* 22 Pick. (Mass.), p. 1, viz.: "Upon a general conviction, the jury finding all the averments to be true, the charge of felony is considered as embraced in the charge of burglary, and one punishment is imposed as upon one combined offense."

It is observed that the first count of the indictment charges the intent to commit the crime of larceny only in general terms. It has been held that under such an indictment evidence could be introduced showing the actual commission of the crime of larceny, and that this would satisfy the charge of intent under which the breaking was alleged to have occurred. *Allen* v. *The State,* 12 Lea, 424-432. See, also, *Stevenson* v. *The State,* 5 Bax., 681, and *Williams* v. *The State,* 1 Shan., 473.

Cronan v. State.

It is also observed that the verdict finds the defendant below guilty of "burglary." Technically, burglary is the breaking and entering into a mansion house by night with intent to commit a felony. It does not appear from the indictment that the camp house was a mansion house, and so the defendant was not technically guilty of burglary in the ordinary sense, but the description of the offense falls within the provisions of Shannon's Code, 6537, which reads as follows: "Whoever shall break and enter into the business house, outhouse, or any other house of another, other than a mansion house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three nor more than fifteen years."

It is also provided in section 6540 that a person indicted for burglary may be convicted under the section just quoted. In other words, under our statutes, the word "burglary" is treated as a generic term covering several offenses, falling under sections 6535-6538 of Shannon's Code.

There was no real error, therefore, to be found in the use of the term burglary in the verdict of the jury.

It results that the judgment of the court below must be modified (*Griffin* v. *State,* 1 Cates, 17-35; *Sword* v. *State,* 5 Hum., 101) so as to release the defendant below of the judgment on the verdict as to petit larceny, but in other respects it will be affirmed.