Chapple v. State.

JOHN CHAPPLE *et al. v.* STATE.

(*Nashville.*   December Term, 1910.)

1. **INDICTMENTS.** Words "said defendants" in second count
   refers to persons named as indicted in first count.

   Where the two counts of an indictment are framed together, and
   the whole signed by the district attorney-general, and the first
   count mentions the names of the persons indicted for burglary
   and larceny, and the second count charges "said defendants"
   with receiving the same goods as stolen property, the words
   "said defendants" in the second count refer to the defendants
   named in the first count, and charged them with the offense
   alleged in the second count.   (*Post, pp.* 108, 109.)

2. **CRIMINAL LAW.** Verdict of guilty will be applied to the re-
   spective counts under which the evidence is sufficient to con-
   vict the respective defendants.

   A general verdict of guilty upon a trial under an indictment
   charging two defendants with burglary and larceny in one
   count, and with receiving stolen property in another count,
   will be held to convict the defendants respectively under the
   counts sustained by the evidence as against each defendant,
   that is, one defendant may be held to be convicted under the
   first count where the evidence is sufficient to convict him un-
   der the first count, but not under the second count; and the
   other defendant may be held to be convicted under the second
   count where the evidence is sufficient to convict him under the
   second count, but is insufficient to convict him under the first
   count; and the failure to designate, in the verdict, the particu-
   lar count or counts under which each defendant is found guilty
   is not prejudicial to them.   (*Post, pp.* 109-111.)

   Code cited and construed:  Sec. 7190 (S.); sec. 6056 (M. & V.);
   sec. 5217 ( T. & S. and 1858).

Cases cited and approved: Taylor v. State, 3 Heisk., 460; Parham v. State, 10 Lea, 498.

3. **SAME. Same. Reversal and arrest of judgment where proof shows verdict not to be applicable to any valid count.**

Where the proof is fully set out in the bill of exceptions, and it is clear upon the facts that the verdict is not responsive to any valid count of the indictment, the conviction must be reversed, and the judgment must be arrested. (*Post, p.* 111.)

Case cited and approved: Rice v. State, 3 Heisk., 215, 222.

4. **INDICTMENTS. Joinder of counts for larceny and receiving stolen property.**

Counts for larceny and for receiving stolen property may be joined in the same indictment. (*Post, p.* 111.)

Cases cited and approved: Hampton v. State, 8 Humph., 69; Cash v. State, 10 Humph., 111; Ayrs v. State, 5 Cold., 26; McTigue v. State, 4 Bax., 313; Kelly v. State, 7 Bax., 84; Hall v. State, 3 Lea, 559; Lawless v. State, 4 Lea, 173, 176, 177; Foute v. State, 15 Lea, 715; Davis v. State, 85 Tenn., 522, 526, 527.

5. **SAME. One indicted for burglary with intent to steal, and for larceny, may be convicted of the larceny, though not convicted of the burglary.**

One indicted for burglary with intent to steal, and for larceny, may be convicted of the larceny, though there can be no conviction for the housebreaking, because of a variance between the indictment and the proof as to the ownership of the house. Such conviction is authorized by the statute (section 6540 of Shannon's Code) providing that one indicted for burglary may be convicted under the statute (sections 6535, 6536, and 6539 of Shannon's Code) defining burglary and housebreaking, with intent to commit a felony, and further providing that one so indicted, where another felony is included in the charge, may be convicted of such felony. (*Post, pp.* 111, 112.)

Chapple v. State.

Code cited and construed: Secs. 6535, 6536, 6539, 6540 (S.); secs. 5436, 5437, 5439, 5440 (M. & V.); secs. 4672, 4673, 4674, 4675 (T. & S. and 1858).

Cases cited and approved: Pardue v. State, 4 Bax., 10; Cronan v. State, 113 Tenn., 539.

6. **LARCENY. No fatal variance in indictment charging the stolen property to be that of a certain person and the proof that it belonged to him and others as partners.**

The variance between an indictment charging the larceny of certain property as that of a person named, and the proof that the property belonged to him and certain others as partners, is not a fatal variance in law, and does not invalidate the conviction. (*Post, pp.* 112, 113, 117.)

Case cited and approved: Lowry v. State, 113 Tenn., 220.

7. **BURGLARY AND HOUSEBREAKING. Variance between indictment and proof as to ownership of the building is fatal to a convistion.**

The variance between the indictment charging the burglary and housebreaking of a building of a certain person, and the proof that the building belonged to him and certain others as partners, is fatal under the common law, which requires, in an indictment for burglary, a precise averment of the names of each of the several owners of the building burglarized or broken into, and in the case of partners, the names of all the owners must be alleged; and this common law rule has not been changed by statute in this State. (*Post, pp.* 111-113.)

Case cited and approved: Cronan v. State, 113 Tenn., 539.

8. **CRIMINAL LAW. Under indictment for burglary and larceny, it is reversible error to refuse to charge special requests as to ownership of the goods, when not charged in the general charge.**

Where the indictment for burglary and larceny charged that a certain person owned the building burglarized and the goods

stolen, and the only evidence on the subject left the question in doubt as to whether the goods belonged to the person named and others as partners, or to a corporation in which he or they owned stock, and the trial judge only submitted the issue as to the burglary or housebreaking, about which there was a fatal variance between the indictment and proof as to the ownership of the building, the refusal to charge the special requests of the defendants on the subject of the ownership of the goods was reversible error. (*Post, pp. 111-118.*)

FROM MAURY.

Appeal in error from the Circuit Court of Maury County.—SAM HOLDING, Judge.

J. L. JONES, for Chapple and Dawson.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiffs in error were indicted in the circuit court of Maury county under the following indictment:

"State of Tennessee, Maury County. Circuit Court, November Term, A. D. 1909. The grand jurors for the State of Tennessee, good and lawful men, duly elected, impaneled, sworn, and charged to inquire for the body of the county of Maury aforesaid, upon their oaths afore-

said present that John Chapple and W. A, Dawson, heretofore, on the ———— day of August, 1909, in the. said county of Maury aforesaid, unlawfully, feloniously, and burglariously broke and entered the millhouse of W. B. Long in the nighttime, with intent then and there to commit a felony, to wit, a larceny; and then and there feloniously and unlawfully did steal, take, and carry away nine sacks of flour, worth one dollar each, the personal property of the said W. B. Long, with intent to deprive him of the value of the same, against the peace and dignity of the State.

"Second Count. And said grand jurors on their said oaths further present that on said day and said year, in said county, said defendants unlawfully and feloniously did receive said flour with intent to deprive the true owner thereof; and that the same had been feloniously taken and stolen from, and was the personal property of, the said W. B. Long, and that said defendants well knew the same to have been so obtained, against the peace and dignity of the State.

"J. B. GARNER,<br>Attorney-General."

The plaintiffs in error were convicted, and have appealed to this court, and assigned errors.

One of the errors assigned is on the refusal of the trial judge to quash the second count in the indictment. It is said that that count does not charge that John Chapple and W. A. Dawson received the flour knowing it to be stolen, but merely that "defendants" received flour,

and that their names are not mentioned in this count at all, and at no other place are they called "defendants," and that the first count is not referred to.

This is an erroneous view. The two counts are framed together, and the whole signed by the attorney-general for the district. The first count mentions their names, and the use of the words "said defendants" in the second count clearly refers thereto; likewise the expression "said grand jurors;" also "said flour;" likewise "said W. B. Long;" and the mention of the flour in both counts as the property of W. B. Long.

It is said that the verdict of the jury is a nullity. It reads as follows: "We, the jury, find the defendants guilty, and assess the punishment of defendant John Chapple at three years' hard labor in the state penitentiary, and the defendant W. A. Dawson at six months' hard labor in the county workhouse." The objection stated is that the verdict does not show of what the jury find the defendants guilty, nor does it state that the jury find them "guilty as charged."

In section 7190 of Shannon's Code, it is provided:

"A general verdict of guilty will be sustained if there is any one good count in the indictment sustained by proof, although the other counts may be fatally defective."

It has been held that where both counts are good, and there is no evidence to sustain one of the counts, a general verdict upon a correct charge will be applied to the count which is sustained by the evidence. *Taylor* v.

*State,* 3 Heisk., 460. This ruling has been extended to a case where the charge was not correct on a count as to which there was no evidence. *Parham* v. *State,* 10 Lea, 498. The underlying reason is that the court can see that the merits have been reached without any real prejudice to the rights of the defendant. In a case, however, where the proof is fully set out in the bill of exceptions, if it be clear upon the facts that the verdict is not responsive to the valid count, the presumption would fail, and, upon such a conviction, the judgment should be arrested. *Rice* v. *State,* 3 Heisk., 215, 222. Counts for stealing and for receiving stolen goods are constantly united in the same indictment. *Hall* v. *State,* 3 Lea, 559; *Hampton* v. *State,* 8 Humph., 69, 47 Am. Dec. 599; *Cash* v. *State,* 10 Humph., 111; *Ayrs* v. *State,* 5 Cold., 26; *Foute* v. *State,* 15 Lea, 715; *Davis* v. *State,* 85 Tenn., 522, 526, 527, 3 S. W., 348; *Lawless* v. *State,* 4 Lea, 173 176, 177. See, also, *Kelly* v. *State,* 7 Baxt., 84, and *McTigue* v. *State,* 4 Baxt., 313.

It is clear that the jury intended to find John Chapple guilty under the first count, and W. A. Dawson under the second count, as there was evidence to convict John Chapple under the first count, and none against him under the second count, and evidence to convict W. A. Dawson under the second count, and none to convict him under the first count.

It is insisted that there was a variance between the indictment and the evidence. The variance is averred to consist in this, viz.: That the evidence showed that the

house broken into belonged to a corporation bearing the name of Webster-Locke Milling Company. The only evidence upon this subject is contained in the testimony of C. C. Wells, the miller of the concern. He says that the Webster-Locke Milling Company was a corporation, and that it was operated and controlled by Horton, Mefford and W. B. Long. Again he says in his testimony: "The property was the property of W. B. Long, the prosecutor, and his partners, Horton and Mefford, and they had it under control, and owned the flour in the mill." However, if it be conceded that there could be no conviction for housebreaking because of this variance, yet there could properly be a conviction under that part of the first count which charges a larceny.

Section 6540 of Shannon's Code provides: "Any person indicted for burglary may be convicted under either of the preceding sections of this article; and any person indicted under these sections, where another felony is included in the charge, may be convicted for such felony." The previous sections referred to are section 6535, which defines burglary, section 6536, which defines the offense of breaking into a mansion house by day with intent to commit a felony, and 6537, which refers to the breaking into any other kind of a house of another with intent to commit a felony, and section 6539, which is an extension of the three preceding ones just referred to. The same rule is laid down in *Pardue* v. *State,* 4 Baxt., 10, and *Cronan* v. *State,* 113 Tenn., 539, 82 S. W., 477.

Although the charge is that the personal property sto-

len belonged to W. B. Long, and the evidence is that it belonged to W. B. Long and two other persons as his partners, this is not a variance in law. *Lowry* v. *State,* 113 Tenn., 220, 81 S. W., 373. There is a variance so far as concerns the charge in the first count upon the subject of housebreaking, which (*Cronan* v. *State,* supra) comes under the generic name of burglary.

"The common law requires, in an indictment for burglary, a precise averment of the names of each of the several owners of the building burglariously entered. In the case of partners, as in that of others previously mentioned, where the ownership is in more than one, the common law, requiring all the owners to be averred, also holds, though there are departures therefrom, under statutes." Ency. Pl. & Pr., vol. 3, pp. 760, 761.

This common law rule has not been charged by statute in Tennessee; but, as stated, the plaintiff in error Chapple could be properly convicted of the crime of larceny, as charged in the first count. As to this, as we have already pointed out, there is no variance as there is evidence to the effect that the property stolen, the flour, belonged to Long and his partners. *Lowry* v. *State,* supra.

The plaintiff in errror offered the following special requests, among others, after the regular charge had been given to the jury, viz.: Nos. 3 and 5:

"(3) The jury are instructed that if the proof shows that the property alleged to be stolen in this cause was owned by the Webster-Locke Milling Company, a corpo-

ration, and that W. B. Long, the prosecutor, only had stock in the corporation, then the defendants cannot be convicted of stealing."

"(5) The jury are instructed that if the property alleged to be taken was the property of the Webster-Locke Milling Company, a corporation, or they have a reasonable doubt of this, then they should acquit the defendant Dawson, although they may believe that W. B. Long was a stockholder in said corporation and owned stock in the same."

The portions of the charge bearing upon these requests are as follows:

"These defendants are jointly indicted. There are two counts in the indictment. In the first count these defendants are indicted for housebreaking and larceny, and in the second count for the crime of receiving stolen goods.

"The statute provides that:

"'Whoever shall enter into the business house, outhouse, or any other house of another, other than a mansion house, with intent to commit a felony, shall be imprisoned in the penitentiary for not less than three nor more than fifteen years.'

"It is insisted by the State that the defendant John Chapple broke into the mill house of W. B. Long and stole some flour therefrom, and that the other defendant, W. A. Dawson, received said flour so stolen, knowing it to have been so stolen, with intent to deprive the owner thereof.

"If you are satisfied of this beyond a reasonable doubt, the defendant John Chapple would be guilty of housebreaking under the first count, and the defendant W. A. Dawson would be guilty of the crime of receiving stolen goods under the second count.

"In order to convict the defendant of housebreaking, it is not necessary to show that he actually broke something to enter the mill house.

"If you are satisfied beyond a reasonable doubt that the defendant John Chapple sprung a lock, or forced the lock, or forced open the door in any way, and entered the mill with the intent to feloniously take and carry away the flour of W. B. Long, then the defendant is guilty of housebreaking.

"The indictment states that the mill and flour were owned by W. B. Long. It is sufficient, however, if the proof shows that the partnership of which W. B. Long was a member were the owners, or were the lessees of the mill and owners of the flour.

"If you find that the defendant John Chapple broke and entered this mill house and stole some flour therefrom as above set out, and you should further find that the defendant W. A. Dawson fraudulently received said flour, knowing it to have been so stolen, and with intent to deprive the true owner thereof, then said Dawson would be guilty under the second count.

"If you find the defendant John Chapple, guilty of housebreaking, you will fix the punishment at some period of time not less than three nor more than fifteen years.

"If you find the defendant, W. A. Dawson, guilty of the crime of receiving stolen goods under the second count, and the value of the property so received does not exceed the value of thirty dollars, then his punishment would be fixed at not less than one nor more than five years in the penitentiary; or you may commute this punishment to a term in the workhouse not exceeding twelve months.

"If you find the defendants guilty, you would simply say: 'We find the defendants guilty as charged in the indictment;' and you would fix their punishment under the instructions just above given.

"If you have a reasonable doubt of their guilt, you would simply say: 'We find the defendants not guilty.'

"You may convict both of the defendants or acquit both, or convict one and acquit the other, just as the proof may warrant under the law.

"You are the judges of the law as well as of the facts of the case under the instructions of the court; the court being a witness to you of the law.

"The defendants plead not guilty. Therefore, before you would be warranted in convicting them, you must be satisfied of their guilt beyond a reasonable doubt. By reasonable doubt does not mean any doubt that may of possibility arise in your minds, but it means a doubt engendered by the whole proof in the case, which prevents your minds from resting easily and quietly upon the conclusion of the guilt of the defendants.

"You start into the investigation of the case with the presumption that the defendants are innocent and of good character, and this presumption stands for them

until it is overturned by competent and credible testimony."

It is perceived that the trial judge did not charge the jury at all upon the only ground on which, as we have held, there could have been a conviction under the first count—that is, larceny—but upon the subject of house-breaking, as to which there was a clear variance between the indictment and the evidence.  It is apparent, therefore, that it was very important to the prisoners, now plaintiffs in error, that the jury should have been properly instructed upon the subject of reasonable doubt as to the ownership of the property.  The only evidence introduced in the court below upon the subject—that of the witness Wells—leaves the question in grave doubt as to whether the property belonging to W. B. Long and his partners, Horton and Mefford, as personal property, or to the corporation.  In this view, the trial judge committed error in refusing to charge the said special requests, Nos. 3 and 5.  The other requests wese properly refused, because, if given, they would have misled the jury in respect of the rule laid down in *Lowry* v. *State,* supra, to the effect that there may be a conviction although the indictment charges the ownership of personal property stolen in one person, and the proof on the trial was that it belonged to that person and others as partners.

We cannot say that the errors committed by the trial judge are immaterial; indeed, they were quite material. A proper charge might have resulted in an acquittal, instead of a conviction.

Probably this whole matter might have been cleared up by evidence introduced at the trial; but as such evidence was not offered, if it was in existence, nothing is left for this court to do but to reverse the judgment, and remand the case for new trial.