ROBERT BRUMLEY and HOWARD PENLEY, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.— 475 S.W.2d 180.

September 23, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

Judson D. Thornton, Jonesboro, for plaintiffs in error.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Heiskell H. Winstead, District Attorney General, Rogersville, for defendant in error.

WALKER, P.J. In a three-count indictment, the defendants were charged with burglary in the third degree, grand larceny of five game chickens, and receiving and concealing stolen property. On their trial the jury found each guilty of burglary in the third degree and also of grand larceny and fixed their punishment at three years under each count. The trial judge sentenced each to concurrent terms of three years in the penitentiary. From this judgment they appeal to this court first saying that the evidence preponderates against the verdict.

The defendants did not testify or offer any proof.

The state's proof showed that about 10:30 P.M., March 26, 1970, Grover Wayne Malone found the door to his chicken house mashed in and five game roosters taken away, two of them from a pen inside the house. He valued them at $35 each.

After discovering his loss, Mr. Malone immediately went to the home of James Boswell about a quarter of a mile away where Mr. Boswell was holding the

defendants with his shotgun. Mr. Malone found two of his roosters in an adjacent field about 65 feet from the defendants' automobile. He found another that night in this field and the other there the next morning.

The field was wet and muddy; the defendants' clothing and shoes were also wet and muddy. Mr. Boswell had found the defendants walking through his corn field, each carrying something in his arms. When Mr. Boswell turned on his barn lights, they ran, one striking a fence and leaving feathers about it. With his flashlight, Mr. Boswell determined the objects dropped were two roosters.

The evidence does not preponderate against the verdict. We think the evidence was sufficient on the value of the property taken. A criminal case will not be reversed on the facts unless the evidence preponderates against the verdict. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743.

The defendants next contend that the court erred in instructing the jury that they could be found guilty of both burglary and grand larceny, because there was no evidence of burglary.

Mr. Malone testified that the door to his chicken house had hooks and that it had been mashed aside. This constituted a breaking and entering into this outhouse. Claiborne v. State, 113 Tenn. 261, 83 S.W. 352.

It was error, however, for the court to render a judgment for both burglary in the third degree and grand larceny. In Carter v. State, Tenn.Cr.App., 447

S.W.2d 115 (1969), from the same trial court, we held that a defendant could be convicted of either but not both offenses. In Cronan v. State, 113 Tenn. 539, 82 S.W. 477, the court held that judgment could not be entered for both.

As in *Carter*, we render the judgment the trial court should have rendered.

The judgment against each defendant is modified to limit the convictions to the first count for burglary in the third degree with punishment at three years' confinement in the penitentiary.

As modified, the judgment is affirmed.

Dwyer and Russell, JJ., concur.