**Thomas Henry BATES, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 30, 1978.

Certiorari Denied by Supreme Court June 12, 1978.

Edward G. Thompson, Shelby County Public Defender, Charles E. Baucum and James D. Macy, Asst. Public Defenders, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., W. Fred Axley, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

SAM L. LEWIS, Special Judge.

Defendant, Thomas Henry Bates, was indicted and convicted for the offense of third degree burglary and his punishment fixed at not less than three (3) nor more than three (3) years. He appeals and assigns as errors the failure of the trial judge to suppress all evidence obtained as a result of his arrest and the failure to instruct the jury that the offense of petit larceny is a lesser included offense of third degree burglary.

The assignments are without merit.

A motion to suppress was heard outside the jury. Memphis Police Officer David Booker was the only witness who testified on the motion. He and his partner went to Mid-America Paint Company to investigate a burglary. Their investigation at Mid-America consisted of talking with Robert Clark, an employee, and making a preliminary investigation of the crime scene. As a result of the preliminary investigation, the defendant became a suspect. Defendant, a former employee of Mid-America, had burglarized Mid-America on previous occasions. The investigation showed the point of entry into the plant was through the opening in a broken window. It would take someone of small stature to enter through the opening. Officer Booker had known the defendant for a period of time, knew he was of small stature and had seen him earlier in the evening. At the crime scene there were a number of shoe prints made by what appeared to be a tennis shoe. There was also evidence of a purplish-pink dye at the crime scene.

Officer Booker and his partner went to the general area where they had seen the defendant earlier and where he had been known to have "fenced" previously stolen merchandise. The defendant was located within five (5) blocks of the Mid-America plant. When the officers had seen him earlier in the evening he was wearing leather-type shoes but had changed to tennis shoes. When the defendant saw them he attempted to shy away or ignore the officers. He was called to the police car and at that time Officer Booker saw a purplish-pink dye of the type seen at the crime scene on one of defendant's tennis shoes. The officer then looked at the bottom of defendant's shoe and saw the same type dye and that the tread design was of the same type he had seen at the crime scene. Defendant was placed under arrest and taken back to the Mid-America plant. He was, for the second time, advised of his constitutional rights and a search of his person made. The officer felt a hard object in his right front pocket and "pursuant to general orders of the department" had to verify if it was a weapon. When it was taken from his pocket, the object was found to be a measuring tape identified as being taken from Mr. Clark's desk at Mid-America.

■ It is plain the officers had probable cause to stop, question and place the defendant under arrest. *Hawkins v. State,* 543 S.W.2d 606 (Tenn.Cr.App.1976).

■ The search at the crime scene was a lawful search incident to arrest and the evidence was properly admitted. A police officer may conduct a limited weapons search for the necessary protection and safety of himself and others. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See also Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The trial judge was correct in refusing to charge the offense of petit larceny. The defendant was charged only with having committed the crime of third degree burglary.

■ This Court, speaking through Judge Oliver, said in *Petree v. State,* 530 S.W.2d 90 (Tenn.1975):

"[W]e conclude and hold that the law of this State now is that larceny and attempt to commit larceny are not essential elements of burglary and, hence, are not lesser included offenses of that crime.

"Of course, as is sometimes done, a count of burglary in an indictment may also include a charge of stealing specified articles from the burglarized premises. In such a case the defendant may be convicted of larceny of the goods or property if the proof shows beyond a reasonable doubt and to the satisfaction of the jury that he did so. *Chapple v. State,* 124 Tenn. 105, 135 S.W. 321. But, in such a case the conviction of larceny is proper because of the distinct and separate crime being also specifically charged, and not upon the theory that it is a lesser included offense of burglary." *Id.* at 94.

■ The defendant was not on trial for petit larceny. It, therefore, would have been error for the jury to have been charged concerning petit larceny. *Church v. State,* 206 Tenn. 336, 333 S.W.2d 799 (1960).

We affirm.

RUSSELL, P. J., and FRED GILLIAM, Special Judge, concur.