**William Wiley JONES and Bobby Lee Weatherford, Petitioners,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

Aug. 14, 1978.

Dan H. Hamm, Luke E. Harvey, Linden, for petitioners.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Elmer Davies, Jr., Dist. Atty. Gen., Nashville, Tommy E. Doyle, Sp. Pros., Linden, for respondent.

## OPINION

HENRY, Chief Justice.

We granted certiorari in this case because we were not content with the manner in which the Court of Criminal Appeals treated the double jeopardy issue.[1] We affirm the conclusion, but concur in the results only.

This case is in a unique posture.

Petitioners were indicted for third degree burglary, larceny and receiving and concealing stolen property. At the conclusion of the first trial judgment was entered finding them guilty of burglary in the third degree. An appeal ensued and the Court of Criminal Appeals reversed on grounds not relating to the sufficiency of the evidence.

At the second trial defendants were found guilty of grand larceny.

It was the contention of the petitioners before the Court of Criminal Appeals that their conviction in the first trial of burglary operated as an acquittal of the charge of grand larceny. Therefore, they insist that the second trial violated their immunity against double jeopardy.

In disposing of this contention the Court of Criminal Appeals said:

This contention is predicated on the theory that when the appellants were convicted of third degree burglary at their first trial, they were thereby acquitted of grand larceny. In view of the fact that the judge at the first trial instructed the jury that the count in the indictment charging third degree burglary embraced the offense of grand larceny and that the appellants could be convicted of either of these offenses but not both, the jury's verdict finding the appellants guilty of third degree burglary was not tantamount to an acquittal of grand larceny. Cf. State v. Fry, 98 Tenn. 323, 39 S.W. 231 (1897).

We are not satisfied that this holding squares with the record or conforms to the law.

We look first to the indictment. It contains two counts, i. e., third degree burglary and receiving and concealing stolen property. The first count, however, after charging that the defendants

unlawfully, feloniously, forcibly and violently, did break and enter, in the night time, the business house of another [naming him] with the unlawful and felonious intent then and there and therein to commit a felony, to wit: Larceny,

continued by charging

and did then and there and therein unlawfully and feloniously take, steal and carry away certain goods and chattels, to wit [describing property having a value of $825.00 and identifying his owner] with the felonious intent and purpose to deprive the said true owner thereof and to appropriate the same to their own use.

. . .

■ Thus, the first count charged two separate offenses, i. e. third degree burglary and grand larceny. The essential element of third degree burglary is breaking and entering with the intent to commit a felony; and burglary is not larceny, *Hindman v. State*, 215 Tenn. 127, 384 S.W.2d 18 (1964), nor is larceny necessarily a lesser included offense embraced within the crime of burglary. *Petree v. State*, 530 S.W.2d 90 (Tenn.Cr.App.1975).

The second count charged receiving and concealing stolen property.

On the first trial, the trial judge charged: You will first inquire, are the defendants . . . guilty of the offenses of burglary in the third degree, *or* grand larceny.

\*     \*     \*     \*     \*     \*

If you find the defendant . . . not *guilty of either of the above offenses* you will then proceed to inquire whether or not . . . the defendants are guilty of petit larceny.

The dissenting opinion of the Court of Criminal Appeals to the contrary notwith-

---

1. We concur in the conclusion reached by the Court of Criminal Appeals as to all other issues.

standing, the trial judge did not even submit the second count, charging receiving and concealing, to the jury.

The jury retired and, in due time, returned to the courtroom. After indicating that it had reached a verdict, and, in response to the trial judge's inquiry, reported:

The Jury voted unanimously to find both defendants *guilty as charged* . . . .

The jury was instructed to fix the punishment and after doing so the trial judge pronounced judgment as follows:

In accordance with the verdict of the jury it becomes my duty to sentence you each to confinement in the penitentiary. . .

It is readily apparent that the jury found the defendants guilty of *both third degree burglary and grand larceny.*

When the judgment was reduced to writing, it recited

We the jury find the defendants guilty of burglary in the third degree . . . .

Thus, there was a marked discrepancy between the verdict as actually found and as actually entered.

 The trial judge has both the power and duty to require that the jury correct or amend an improper or incomplete verdict. *Meade v. State,* 530 S.W.2d 784 (Tenn. Cr.App.1975). The trial judge has the right and duty to mould a judgment in accordance with the final verdict as returned by the jury. *Sullivan v. Morrow,* 504 S.W.2d 767 (Tenn.App.1973). But this does not carry with it the right to substitute for the rendered verdict a judgment that is substantially different.

However, the question of the validity of the judgment is not before the Court. We can only assume that the trial judge treated the offense of grand larceny as being merged with the offense of third degree burglary, under the authority of *Cronan v. State,* 113 Tenn. 539, 82 S.W. 477 (1904).

*Cronan* is at variance with *Petree, supra,* but it has been followed by a long line of cases.[2]

Since this matter is not precisely before us, we do not at this time address the conflict in these cases. It has in effect, become the law of this case that this particular grand larceny is merged with the offense of third degree burglary.

 We recognize the general rule of law that a special verdict upon a single count of an indictment is given the effect of an acquittal upon the other counts to which the jury did not respond. *Conner v. State,* 531 S.W.2d 119 (Tenn.Cr.App.1975). See also *Wright v. State,* 2 Tenn.Crim.App. 95, 451 S.W.2d 707 (1969).

In this case the jury *responded* fully by finding the defendants guilty of both charges specifically set forth in the first count.

The conviction of the charge of third degree burglary, embracing or including the charge of grand larceny, was appealed and, upon appeal, the Court of Criminal Appeals reversed on the basis of errors in the admission of evidence, as opposed to its sufficiency.

 The effect of this reversal was that the slate was wiped clean and the two-charge first count of the indictment was triable anew. The state and federal constitutional provisions against double jeopardy are not offended under these circumstances. The first convictions are not being reversed for insufficiency, the rule of *Greene v. Massey,* —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), does not apply.

Affirmed.

FONES, COOPER, BROCK and HARBISON, JJ., concurring.

2. See *Marshall v. State,* 497 S.W.2d 761 (Tenn. Cr.App.1973); *Brumley v. State,* 475 S.W.2d 180 (Tenn.Cr.App.1971); *McAfee v. State,* 3 Tenn.Cr.App. 424, 463 S.W.2d 141 (1970); *Carter v. State,* 1 Tenn.Crim.App. 545, 447 S.W.2d 115 (1969).