STATE of Tennessee, Appellee,

v.

Larry Elmer WRIGHT, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 4, 1983.

Permission to Appeal Denied by Supreme Court May 2, 1983.

Rodney C. Strong, Phillip F. Floyd, Michael Morgan, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, Thomas

J. Evans, Peter J. Strianse, Asst. Dist. Attys., Chattanooga, for appellee.

OPINION

TATUM, Judge.

This is an appeal as of right by Larry Elmer Wright from his conviction at a jury trial of burglary in the second degree and of being an habitual criminal. The punishment set on the burglary conviction was not less than 3 nor more than 3 years in the State penitentiary. After the bifurcated hearing on the habitual criminal count, the punishment was enhanced to life imprisonment. The defendant assigns issue that the first count of the indictment was duplicitous; that there was a material variance between the indictment and the proof; that the habitual criminal statute is unconstitutional; and that the evidence was insufficient to support the verdict. We find no merit in these issues.

We will first address the issue attacking the sufficiency of the evidence. Patricia Diane Rich, testified that she was the wife of Thomas Rich, and that she and her husband lived together in Chattanooga. At approximately 10:00 A.M. on August 27, 1980, Mrs. Rich left the family residence and locked the doors since no one was at home. She returned at approximately 5:00 P.M. and observed a pane of glass missing from the front door. She entered the house and found it in disarray with several items missing. These items included a gold watch which belonged to Mr. Rich, several pieces of indian silver jewelry that belonged to her, a collection of $2.00 bills and coins which she referred to as being "our" coins, and a .22 caliber pistol that belonged to Mrs. Rich's sister and was at the home for Mr. Rich to repair. Part of the property was recovered by the police.

Detective Ronald Connor of the Chattanooga Police Department testified that he had talked with the defendant on September 10, 1980. At the defendant's request, he did not tape or make notes of the conversation. The defendant admitted in the conversation that he went to the Rich residence on August 27, 1980 and removed a pane of glass from the front door. He then reached inside the door and unlocked it. He admitted that he took property from the house which he placed in a bag and hid in the woods. The officer testified that the defendant took the officer to the woods lot where they recovered the bag containing some of the property stolen at the Rich residence. The defendant told the officers that in addition to the property recovered, he also took a .22 caliber pistol which was hidden in a field. The defendant said that when he later went to the field for the pistol, it was no longer there.

The defendant did not testify and offered no proof at his trial for burglary and larceny. The trial judge instructed the jury that although indicted for both burglary and larceny, the defendant could be found guilty of only one of these offenses. As stated, the jury found the defendant guilty of burglary in the second degree.

At the bifurcated hearing on the habitual criminal count, the evidence was undisputed that the defendant had pled guilty to nine counts of burglary in the second degree and was sentenced on each of them to serve not less than 3 nor more than 15 years in the State penitentiary. He had also pled guilty to one count of burglary in the third degree and one count of attempt to commit a felony, receiving sentences of not less than 3 nor more than 10 years and not less than 1 nor more than 1 year, respectively. All of these were separate offenses committed on different times and separate occasions. All of these guilty pleas were made on February 1, 1979. The defendant was paroled before August 27, 1980, when he burglarized the Rich home.

The evidence of the defendant's guilt is plain and uncontradicted. It is more than sufficient upon which a rational trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt. We must therefore overrule this issue. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The defendant next insists that the trial judge erred in not sustaining his pretrial motion to dismiss Count I of the indictment because it was duplicitous. Count I charged both the burglarious entry into the Rich residence and the grand larceny that was committed therein after entry. In support of the proposition that burglary and larceny committed in the same transaction are separate and distinct offenses, for both of which an accused might be convicted and punished, the defendant cites *Petree v. State,* 530 S.W.2d 90 (Tenn.Cr.App.1975) and *Jones v. State,* 569 S.W.2d 462 (Tenn. 1978).

Until recent times, there is no doubt that burglary and larceny arising out of the same criminal episode, were merged into one offense. The earliest case is *State v. DeGraffenreid,* 68 Tenn. 287, 9 Baxter 227 (1878). This case has been followed by a long line of cases since. See *Cronin v. State,* 113 Tenn. 539, 82 S.W. 477 (1904); *Patmore v. State,* 152 Tenn. 281, 277 S.W. 892 (1925); *Carter v. State,* 1 Tenn.Cr.App. 545, 447 S.W.2d 115 (1969); *Brumley v. State,* 4 Tenn.Cr.App. 606, 475 S.W.2d 180 (1971); *Marshall v. State,* 497 S.W.2d 761 (Tenn.Cr.App.1973) and many others. In *Petree v. State, supra,* this court recognized that when an entry is made with felonious intent, the crime of burglary is complete and the actual larceny committed after entry is a separate offense. However, in *Petree,* there is language indicating that the court did not disapprove of an indictment charging both burglary and larceny in the same count.[1] The Supreme Court had previously held in *Gamble v. State,* 215 Tenn. 26, 383 S.W.2d 48 (1964), that the charging of burglary and larceny in the same count is an exception to the general rule against duplicity, quoting from 13 Am.Jur.2d, *Burglary,* § 41 (1964). The holding was obviously premised on the proposition that the two offenses were merged into one.

In *Jones v. State,* 569 S.W.2d 462 (Tenn. 1978), the Supreme Court recognized the variance between *Petree* and *Cronin, Marshall, DeGraffenreid,* and the numerous other cases on the question as to whether burglary and larceny merged into one offense. However, in *Jones,* the Supreme Court expressly declined to resolve this conflict. The question was not settled until March 9, 1981, when the Supreme Court decided *State v. Davis,* 613 S.W.2d 218 (Tenn.1981). In the *Davis* case, the court reviewed the decisions and adopted the holding of this court in *Petree* that burglary and larceny committed in the same transaction were separate and distinct offenses. The older holdings to the contrary were expressly overruled.

The case at bar was tried before the filing of the Supreme Court decision in *State v. Davis.* The trial judge in the case at hand instructed the jury that it could not find the defendant guilty of both burglary and larceny as was the law prior to *Davis.* He overruled the motion to dismiss on authority of *Gamble* which expressly approved the inclusion of both offenses in the same count. It was expressly stated in the *Davis* case that the overruling of the merger rule in *Cronin* and *DeGraffenreid* "is prospective only." Therefore, we hold that the trial court did not err in overruling the motion to dismiss.

■ In the next issue, the defendant insists that a variance between the indictment and the proof as to the ownership of the property stolen requires reversal of his conviction. As stated above, the indictment charged burglary and larceny in the same count. The pertinent part is in the following language:

"That Larry Elmer Wright heretofore on the 27th day of August, 1980, in the

---

1. The Court stated:

"Of course, as is sometimes done, a count of burglary in an indictment may also include a charge of stealing specified articles from the burglarized premises. In such a case the defendant may be convicted of larceny of the goods or property if the proof shows beyond a reasonable doubt and to the satisfaction of the jury that he did so. *Chapple v. State,* 124 Tenn. 105, 135 S.W. 321. But, in such a case the conviction of larceny is proper because of that distinct and separate crime being also specifically charged, and not upon the theory that it is a lesser included offense of burglary."

County aforesaid, did unlawfully, feloniously and burglariously break and enter into the dwelling house of Thomas Rich, by day, with intent to commit a felony, to-wit: a larceny, and did then and there, unlawfully and feloniously take, steal and carry away, one (1) watch, one (1) black powder gun, one (1) paper weight and good and lawful money of the United States of America, to the total value of in excess of $200.00, the personal property of Thomas Rich, with intent to convert the same to his own use, and with intent to deprive the true owner thereof, against the peace and dignity of the State."

The portion of the indictment charging burglary did not undertake to state whose property the defendant intended to steal when the burglarious entry was made. It charged only that the defendant broke and entered into the dwelling house "with intent to commit a felony, to-wit: a larceny." The description and ownership of the property referred to the grand larceny charge. The defendant was not convicted of larceny but was convicted of burglary; thus, any variance between the allegation concerning the ownership of the property stolen and the proof as to ownership is moot. The proof reflected that it was the dwelling house of Thomas Rich as alleged in the portion of the indictment charging burglary.

The defendant next insists that the habitual criminal statute (T.C.A. § 40–2801) is unconstitutional on three grounds. He first asserts that "the Tennessee courts have defined habitual criminality as a status, not a criminal offense." He reasons that the statute punished him because of his status and thereby, violates the Eighth Amendment as cruel and unusual punishment. The defendant cites *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) in which the Supreme Court held a California statute to be unconstitutional because it created a criminal offense to be addicted to the use of narcotics. The United States Supreme Court made a hypothetical comparison to statutes which would make it an offense to be mentally ill, a leper, or afflicted with venereal disease.

■ The fallacy in the defendant's reasoning is that the statute does not punish one for his status as an habitual criminal. Instead, it provides for enhanced punishment for a criminal offense committed by one who has placed himself in the status of being a public menace as defined in the habitual criminal statutes. *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975); *Rhea v. Edwards,* 136 F.Supp. 671 (M.D.Tenn.1955). This argument has already been considered in other jurisdictions and rejected. See *State v. Gonzales,* 84 N.M. 275, 502 P.2d 300 (1972); and *People v. Luckey,* 90 Ill.App.2d 325, 234 N.E.2d 26 (1967), *aff'd.* 42 Ill.2d 115, 245 N.E.2d 769 (1969), *cert. den.* 397 U.S. 942, 90 S.Ct. 955, 25 L.Ed.2d 122 (1970).

■ The defendant also says that the imposition of a life sentence for the triggering offense of burglary is excessive and constitutes cruel and unusual punishment. This contention is overruled on authority of *Pearson v. State, supra; Hobby v. State,* 499 S.W.2d 956 (Tenn.Cr.App.1973); *Frazier v. State,* 480 S.W.2d 553 (Tenn.Cr.App. 1972).

■ The defendant also contends that the statute is applied arbitrarily, making its application cruel and unusual. This contention has likewise been rejected in *Glasscock v. State,* 570 S.W.2d 354 (Tenn.Cr.App.1978) and *Janow v. State,* 567 S.W.2d 483 (Tenn. Cr.App.1978).

Finding no error, we affirm the judgment of the trial court.

WALKER, P.J., and SCOTT, J., concur.