## JOHN M. SHAW VS. THE STATE.

LARCENY. EVIDENCE. *Possession of the Goods stolen.*
1. Evidence of the possession of the stolen goods, whether *recent* or *remote*, is always admissible to prove the larceny.
THE SAME. *Sufficiency of such proof.*
2. If the possession be *recent*, it is, unexplained, sufficient evidence of guilt, *per; se* if *remote* additional circumstances must be shown.

CARUTHERS, J., delivered the opinion of the Court:

This was a conviction for grand larceny, and it is contended that there should be a reversal on account of error in the charge of the Court, upon the rule on the subject of guilty possession of stolen goods. Greenleaf, § 34 states the rule to be, "that the possession of the fruits of crime *recently* after its commission" raises a presumption of guilt—*prima facie* only, of course. This single fact, if unexplained by direct evidence, the attending circumstances, good character, or otherwise, will be conclusive. Phillips in vol. 1, p. 168–9, without the qualification of "recently" after the crime, or any reference to the nature of the property, states that the inference of guilt arising simply from the possession, will be much weakened by the lapse of a considerable time, or that the property was of a kind likely to pass in the interval through many hands. In Cowen & Hill's notes to

Smith v. Jarnagin.

Philips, vol. 1, part 1, 425-6, the question is more fully examined. The true rule seems to be, that the possession of stolen goods is always competent evidence without regard to time, though insufficient *of itself*, after a considerable lapse of time. If it be *recent*, it is conclusive, unexplained ; if remote, additional circumstances of suspicion, arising out of the prisoners language or conduct, before or after the larceny, his false accounts of it, or his proximity to the time and place of taking, are necessary to raise the presumption of guilt.—That is, in the one case it is not sufficient *per se*, and in the other it is, when unexplained. (2 East. P. C., 635 ; Russ. on Cr., 1154 ; State vs. Adams, Haywood, 464.) This is the result of the authorities, and is the only reasonable rule on the subject. The charge is in substantial conformity to it, the proof of guilt is overwhelming, and the judgment is affirmed.

*Judgment affirmed.*

The State v. Adams, 1 Hayw. 463 ; Hughes v. The State, 8 Humph. 75 ; Correy v. The State, 7 Humph. 499 ; Tyner v. The State, 5 Humph. 383 ; Pensylvania v. Myers, Addison, 320 ; State v. Jenkins, 2 Tyler Vt. R. 379 ; East P. C. ch. 16, § 93, p. 656.