Cook v. The State.

16L 461
1pi 528

## J. D. Cook v. The State.

1. INDICTMENT. *Two counts of. When a verdict should be general.* In an indictment containing two counts, one for stealing, the second for receiving stolen goods, etc., it is improper for the court to instruct the jury to designate the count upon which they may find the defendant guilty, but the whole case ought to be left to the jury to render a general verdict.

2. EVIDENCE. *Stolen goods. Recent possesssion of.* It is not error to permit the evidence of the recent possession of the stolen property to go to the jury, along with the other evidence, as applicable to both counts of the indictment.

### FROM MADISON.

Appeal in error from the Common Law Court of Madison county. T. C. MUSE, J.

B. S. McLEMORE and P. B. ROBINSON for Cook.

ATTORNEY-GENERAL LEA and E. S. MALLORY for the State.

COOKE, J., delivered the opinion of the court.

The indictment in this cause contains two counts. The first is for stealing two horses of the prosecutor, and the second for receiving said horses, knowing them to have been stolen. The prisoner was tried and convicted upon the second count, and sentenced to the penitentiary for a term of six years. A new trial was refused him and he has appealed.

The property was stolen in Madison county, on the night of the 4th of October, 1885, it being Sunday night, and was missed about sunrise on the morning of the 5th. The defendant was seen with them, as the proof tended to show, in Clarksville, a distance of perhaps about 130 miles from where they were stolen, just before daylight on the morning of the 8th, when he was suspected and examined by a policeman, and upon an attempt to arrest him he abandoned the horses and fled. He was seen by several persons with said horses upon the road between Jackson and Clarksville. He has made no attempt to explain his possession, but denies that he is the person who was thus seen in possession of the horses, and attempts to establish an *alibi*. The proof leaves no doubt but that the defendant is the party who was seen with the horses, and who abandoned them and fled upon the attempt of the police officer to arrest him in Clarksville, and that his *alibi* is a fabricated defense. His Honor instructed the jury, that if they found the prisoner guilty, they must designate upon which count of the indictment they so found, and they thereupon found him guilty upon the second count, as above

Cook *v.* The State.

stated. This instruction, in such a case, was improper, and should not have been given, as a general verdict would have been sustained, and in such cases it is often difficult to determine precisely whether a party has been guilty of the larceny of the goods or of feloniously receiving them, when there is no doubt of his guilt of either one or the other offense, and the whole case ought to be left to the jury upon proper instructions as to each.

The court instructed the jury generally, that possession of property, which is shown to have been stolen, recently after the theft, if unexplained, is evidence of guilt. It is now insisted that this instruction was erroneous, for the reason that such possession is only evidence tending to establish guilt of the larceny, and not of the felonious reception of the stolen property; and that the court should have confined said instruction to the first count of the indictment. No such instruction, however, was asked for, and if it had been, we are not prepared to hold that it would have been error to have refused it. This question has not been decided in this State, and probably has not arisen, from the fact that in such cases juries have seldom been instructed to designate upon which of the counts their verdict is found.

It is argued with much force, that unexplained possession of stolen goods recently after the fact, arises equally as strong a presumption of guilt as to one offense as the other, as the possession of stolen property is often rapidly shifted, and no more common plea is set up by persons caught in the possession of

stolen property than that they received it from some other person. Although, as a general principle, a party guilty of stealing can not be convicted of receiving the stolen goods: 2 Bish. Crim. Law, sec. 1095. Yet, Mr. Wharton lays down the doctrine, that if it be proved that the defendant not only received the articles, but also assisted in stealing them, he may still be convicted, provided some other person assisted in the theft, because the stealing and receiving are both felonies, and a theft by several is a theft by each: Wharton Am. Crim. Law, sec. 1895, citing *Rex* v. *Dyer*, 3 East P. C., 767; *Rex* v. *Atwell*, *Ibid*, 768. The same author also lays it down as an established principle of criminal law, that a conviction for receiving is good, although a conviction for stealing would have been sustained by the same evidence, if the jury had so found: *Ibid*, sec. 1890. He further states the doctrine, that the fact that the goods are found in possession of the party, is good presumptive evidence of the fact of his having received them: *Ibid*, sec. 1892, citing *State* v. *Weston*, 9 Conn., 527; *State* v. *Brewster*, 7 Ver. Rep., 118. He further says, that the presumption arising from this fact of possession, standing by itself, *except in cases of receiving stolen goods*, is too slender to support a conviction: Sec. 730.

Burrell states the same principle as follows: "The recent possession of stolen property may sometimes be referable, not to the crime of theft, but to another, though kindred offense, that of having received the property with a guilty knowledge of its having been

Cook *v.* The State.

stolen. And in the opinion of an able writer, there can be little doubt that persons have been frequently convicted and punished for the former offense whose guilt consisted in the latter." Hence, he says, the practice of joining counts for both offenses in the same indictment, has become the established practice, both in England and America: Burrell Cir. Ev., 456–7. From these authorities we conclude there was no error in permitting the evidence of the recent possession of the stolen property to go to the jury, along with the other evidence, as applicable to both counts in the indictment, nor in the charge of the court upon this subject as applicable to both counts. But if this were not so, we think the jury was warranted from the evidence in finding the defendant guilty on the second count. As above stated, the horses were stolen on Sunday night. It was discovered by their tracks and sign, that they had been taken to and concealed and fed in a thick cane-brake, only a few miles from Jackson. The tracks of two persons were traced, showing that the horses had been taken from where they were stolen to this place of concealment by them. The defendant lived in another direction and came to the town of Jackson from his home, and was in the town on Monday, after which time, according to the testimony of several witnesses, he was absent until the last of that week. And, from these facts, we think the jury were warranted in coming to the conclusion that the horses were stolen by other persons and concealed in the brake, and afterward secured and carried away by the defendant.

In cases of this kind, where the party is found in possession of stolen property, and the proof shows his possession to have been a guilty possession, slight circumstances may authorize a jury to determine whether he has been guilty of the theft, or of receiving the property, knowing it to have been stolen.

There is no error in the judgment, and it will be affirmed.