NO. 7348     **7348** STATE OF LOUISIANA.

MISS MARY MC MANICLE

VS        COURT OF APPEAL

EMILE A. BILLET.        PARISH OF ORLEANS.

# O P I N I O N.

St. Paul Judge.

Plaintiff brings this possessory action alleging that she was in physical possession of certain immovable property as owner for more than a year: that within a year defendant has physically taken possession of a portion thereof which he refuses to restore: that the value of said property is more than $100 and less than $2000.

Defendant excepted below that the petition disclosed no cause of action: that plaintiff's remedy was solely by action of boundary. The exception was maintained and plaintiff appealed.

Defendant, appellee here, moves to didmiss the appeal for want of jurisdiction in the court, the value of the possession (which alone is in controversy) not being alleged or shown.

1.

On the Motion to Dismiss: The appellee assumes that the law which governs, is Article 98 of the Constitution of 1898 giving the Courts of Appeal jurisdiction of such controversies only as involve more than $100 and less than $2000: but by an unreported ruling of the Supreme Court the jurisdiction of the Courts of Appeal is governed by the corresponding article of the Constitution of 1913, under which the jurisdiction of Courts of Appeal shall extend to "all cases, civil and probate, of which the District Courts have exclusive original jurisdiction and of which the Supreme Court is not given jurisdiction."

The ruling to which we have reference was handed down in re State ex rel Marrero vs. Rouprich and Fortmayer, No. 21476 of the docket of the Supreme Court.

The controversy involved the title to the office of Police Juror, an office to which no salary or emolument whatever is attached. After a decree in the District Court adverse to defendants they *applied* to the Supreme Court for relief under its supervisory powers.

197

They pointed out to the court the *apparent* conflict between Article 98 of the Constitution of 1913 and the same Article in the Constitution of ####1898, and directed the attention of the court to its ruling in re State vs American Sugar Refining Co (137 La 407) holding in effect that those provisions of the Constitution of 1913 which conflicted with the provisions of the Constitution of 1898 were ultra vires and therefore null and void.

Claiming therefore that no appeal lay to any court, they urged that this was a proper case (because of the public importance thereof) for the exercise of the supervisory and *or* extradinary powers of the court

And in the alternative they prayed "if the court is of opinion that relators (defendants) have a remedy by appeal to the Court of Appeal Under Article 98 of the Constitution of 1913, as construed in Bloomfiand vs Thompson, 134 La 923, that you (the court) will say so at the earliest possible moment so that relators (defendants) may not be denied the right to have the decision in this case reviewed by another appellate court." (Italics ours).

Upon this application the Court without a single dissent, made the following ruling (June 25th 1915);

"Relators' remedy is by appeal to the Court of Appeal. Application therefore denied."

The Motion to dismiss is therefore Denied.

## 11.

On the Exception; The remedy herein sought by the plaintiff is precisely that pointed out by the Code of Practice, and the facts set forth by her are in exact accord with the requisites of that code (C. P. 46 to 53 ).

It was not for the plaintiff, after *her* lawful and peaceful possession had been disturbed, to assume the burden of an Action of Boundary. She had, and has, a right first *of all* to be restored to and quieted in her possession.

On the contrary it was the defendant who, before taking the law into his own hands, should have asserted his claims, whatever they might be, in some form of law and before a proper tribunal.

We think our learned brother of the District Court has fallen into error in maintaining the exception, and we have therefore no alternative but to reverse his ruling and remand the case?

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action herein filed be overruled and the case remanded to the Court a Qua for further proceedings according to law; defendant to pay the costs of this appeal, and the other costs to await the final determination of the cause.