DEAN LIAKAS and FRANK J. ELLSWORTH *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

THOMAS L. ROBINSON, of Memphis, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from a conviction of receiving stolen property with a prison sentence not exceeding ten years in the State penitentiary.

The defendants were tried upon a two-count indictment (1) for the larceny of one suit of clothes of the value of $125, and (2) of receiving stolen property, one suit of clothes of the same value, knowing the same to have been stolen.

The verdict of the jury is: "We the Jury find the defendant Dean Defort Liakas and Frank James Ellsworth guilty of receiving stolen property over sixty dollars as charged and fix their punishment at ten years in the penitentiary".

It thus conclusively appears that they were acquitted of the crime of larceny as charged in the first count in the indictment.

Before considering the assignments of error, it is important to take notice of the fact that these defendants were convicted of receiving stolen property (a suit of clothes) at a prior term of the Criminal Court of Shelby County; and their conviction was upheld by this Court.

The opinion by Mr. Justice Burnett was released for publication on February 3, 1956, 199 Tenn. 298, 286 S. W. (2d) 856. The facts in that case are substantially the same as in the one now before us.

The alleged theft of the suit of clothes occurred in Memphis, Shelby County, on or about the last of August, 1954, or the first of September, which was near the same date as the first offense. Mr. Daniels, the owner and prosecutor, came to Nashville on September 10th for the purpose of identifying the suit of clothes here involved, and found it in defendants' possession, as well as seventeen other new suits which were also found in their possession, some of them having been stolen from Levy Brothers Store in the City of Memphis.

It is not necessary to recite the facts and circumstances which gave rise to their arrest by certain officers of the metropolitan police of the City of Nashville. The facts are stated in detail in the case above referred to.

The questions made on the former appeal, with one exception, are renewed in the instant case. The question is forcibly argued by counsel that "there is no evidence that the defendants committed any crime in Shelby County, Tennessee"; in other words it is claimed there is no evidence that they are guilty of *receiving* the suit of clothes in said county, knowing the same to have been stolen by another.

We think there is much more than a scintilla of evidence that the crime of receiving was committed in Shelby County. It is not denied that the larceny of this suit, and a number of other suits, was committed in Shelby County.

We concede that larceny is a separate and distinct crime from that of receiving stolen property, and jurisdiction is in the county where it was feloniously

received. There is authority to the effect that one cannot be guilty of feloniously receiving from himself. 45 Am. Jur. (Receiving Stolen Property), Section 10, p. 392. However, as evidence of a conflict of authority it is said on page 393:

"Accordingly, the prevailing American rule appears to be that an accused may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the actual caption and asportation but participated only as accessory before or after the fact, or in a manner not involving his presence at the taking, even though made a principal in the larceny artificially, by statute."

The question is annotated in 136 A. L. R. 1095. Our own case of *Cook* v. *State,* 84 Tenn. 461, 465, apparently supports the above text. The facts were that the theft of two horses took place in Madison County and a few days later Cook was arrested in Clarksville, Montgomery County, with the animals in his possession. The venue was held to be in Madison County upon *slight* circumstantial evidence.

Whether or not the one who is on trial for receiving stolen property is an accomplice with the thief becomes important only when the testimony of one against the other must be corroborated in order to sustain a conviction. *Harris* v. *State,* 75 Tenn. 124. In the case at bar neither the thief nor the defendants testified. We pretermit the question of accessory before or after the fact, and direct our attention to the *venue,* i. e. whether or not the crime of receiving was committed in Shelby County, Tennessee.

██ The evidence is overwhelming that the defendants were in possession of the suit of clothes in question,

knowing the same to have been stolen. In order to make a case of *receiving* it was not incumbent on the State to show that the actual thief was one or the other of the defendants. While it is true as a general rule that "a party guilty of stealing cannot be guilty of receiving the stolen goods", Cook's case, supra, it is said in the same case:

"In cases of his kind, where the party is found in possession of stolen property, and the proof shows his possession to have been a guilty possession, slight circumstances may authorize a jury to determine whether he has been guilty of the theft, or of receiving the property, knowing it to have been stolen."

See *Ford* v. *State,* 184 Tenn. 443, 201 S. W. (2d) 539, wherein it is held that *venue* may be shown by circumstantial evidence.

The record before us points strongly to the fact that the defendants were guilty of receiving stolen property in Shelby County and thereafter transported the stolen goods to Nashville, Davidson County.

One of the strongest circumstances pointing to receiving in Shelby County is that the suit in question (and seventeen other suits) were found in an Oldsmobile that was registered in the name of Mrs. Liakas, wife of one of the defendants. These garments must have been placed in this car before it left Shelby County. The officer testifying as to the registration of the car must have obtained this information from the records in Shelby County, or State records, showing it was a Shelby County car. There was no objection to this testimony on the ground that the record was the best evidence. There is no proof that Mrs. Liakas resided elsewhere than in Shelby County. The parking ticket, or claim check, for this car was in the hands of defendant Liakas, who tried to swallow it

when he was taken in custody by Officer Elliott. Moreover, these two defendants were in Memphis a few days before they were arrested in Nashville, and we can reach no other conclusion than that they received these suits of clothes from some thief in Shelby County, loaded them in the car of Mrs. Liakas and then drove to Nashville where they were apprehended.

The defendants' possession of these stolen garments is wholly unexplained. Mrs. Liakas was not called on as a witness to testify as to the use of her automobile in this transaction. The defendants introduced no testimony. They are here under a presumption of guilt of receiving and the evidence does not preponderate against the verdict of the jury and in favor of their innocence. Moreover, the trial judge charged the jury properly as to circumstantial evidence, and that "before they could convict the defendants it must be shown beyond a reasonable doubt that the crime (receiving stolen property) was committed in Shelby County, Tennessee, before the finding of the indictment."

There is no merit in the assignment of error that "the defendants were denied a fair and impartial trial". We think the learned trial judge was eminently fair in his trial of the case even though at times his patience may have been exhausted by argument of counsel. There is nothing in the record to support the assignment. Some of the reasons stated in support of this assignment are purely gratuitous and uncalled for.

The judgment of the trial court is affirmed.