FLOYD PEEK

*v.*

STATE OF TENNESSEE.

375 S. W. 2d 863

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

Petition for Rehearing Denied March 5, 1964.

324

· CHARLES GALBREATH, Public Defender, CARL R. HARDIN, Nashville, for plaintiff in error.

. GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error, Floyd Peek, hereinafter called the defendant, was convicted for the larceny of an automobile of a value in excess of $100.00, and sentenced to serve not more than three years in the State Penitentiary (T.C.A. secs. 39-4203, 39-4204). He was also convicted on the same indictment of receiving and concealing the automobile, knowing it to have been stolen, and sentenced to serve an additional three years in the Penitentiary (T.C.A. sec. 39-4217). The sentences were ordered by the Judge to run concurrently and judgment was entered accordingly.

The defendant brought the case to this Court on an appeal in error challenging the sufficiency of the evidence

to sustain the conviction, and seeking a reversal and new trial upon a number of other grounds.

The evidence for the State was that a black 1961 Ford Galaxie automobile, belonging to Ellis D. Givens, was stolen from the Volunteer Parking Lot in Nashville, Tennessee, sometime between the hours of 5:30 P. M. and 11:30 P.M. on the evening of October 28, 1961. The State also introduced evidence that the defendant, a former Constable of Davidson County, had been seen at this parking lot about one hour before Mr. Givens had parked his car there.

Glen Hammonds, the owner of the Nashville Top and Trim Co., testified for the State that some nine days after the theft, the defendant came to his shop and inquired about the cost of painting the top of a solid black Ford automobile; that defendant explained that the car belonged to his wife who did not like solid black; and that the next day defendant brought the car in and left it overnight for the top to be painted white.

Roy Coates, a State Highway Patrolman, testified for the State that while the car was being painted at the Nashville Top and Trim Co., he obtained sufficient information about the serial number to suspect that it had been stolen. He also testified that his suspicion was aroused when he noted that the car had no license plates on it.

Mr. Givens, the owner of the automobile, was notified and made a positive identification of the car which defendant had left in the Nashville Top and Trim Co. It appears from the record that defendant was not then arrested but merely taken to the police station for questioning for his explanation of the possession of the ve-

hicle He explained that he had acquired the car from a person whose name and address he did not know, but insisted that he did not know or suspect that it had been stolen.

Since the defendant was a former Constable of Davidson County, police officers allowed him three days in which to find the alleged person from whom he obtained the automobile. During these three days, a thorough search was made, but this man was not found. Defendant was then arrested.

The defendant stood on his own testimony which was substantially the same as his explanation of the possession of the stolen automobile. He testified that he first met this alleged person who gave him the car in a bar in Tampa, Florida; that about a year and a half later he saw this person again in a Nashville bar; that this person asked him to drive the automobile in question to the Berry Field airport from where it had been rented; and that he did that.

The defendant also testified that some weeks later he saw this alleged person again in another bar in Nashville, and that he carried the car to the airport for him a second time. He further testified that he saw this person a third time; that this person asked him if he knew anyone in the paint business where he could get the top of his car two-toned; that he (defendant) answered affirmatively, and went to the Nashville Top and Trim Company where he made a satisfactory arrangement to have the top of the vehicle painted white; and that he then procured a Mr. Spurlock of the Highway Patrol to drive him to the airport where he picked up the 1961 Ford Galaxie automobile and drove it downtown to the

Nashville Top and Trim Company. But he did not call Mr. Spurlock as a witness, or explain why he did not.

Defendant admitted that at the time he drove the car from the airport to the paint shop he knew that it had no license plates, and indicated in his testimony that he was aware he was violating the law in that respect. He emphasized, however, that he did not know or suspect that the automobile had, in fact, been stolen.

Defendant makes the insistence in his first four assignments of error that the evidence preponderates against the verdict of the jury. We think this contention is without merit and must be overruled for two reasons.

First, in this State we follow the generally approved rule that proof of possession of recently stolen goods gives rise to the inference that the possessor has stolen them. 2 Wharton, Criminal Law, 31, sec. 411 (1954); *Hughes v. State*, 27 Tenn. 75, 76-77 (1847); *Cook v. State*, 84 Tenn. 461, 464, 1 S.W. 254 (1886). A good statement of this rule is found in *Shaw v. State*, 1 Tenn. Cas. 77, 78 (1858), where the Court said:

"Greenleaf sec. 34, states the rule to be, 'That the possession of the fruits of crime recently after its commission' raises a presumption of guilt, prima facie only, of course. This single fact, if unexplained by direct evidence, the attending circumstances, good character or otherwise, will be conclusive."

Secondly, this Court has held that after the corpus delicti (the theft in this case) has been proved beyond a reasonable doubt, circumstantial evidence may itself be sufficient proof on which to base a conviction. *Smith v. State*, 205 Tenn. 502, 522, 327 S.W.2d 308 (1958); *Fos-*

*ter v. State,* 180 Tenn. 164, 172, 174, 172 S.W.2d 1003 (1942). And we think the circumstantial evidence pointing to defendant's guilt in this case is overwhelming.

It shows that defendant was seen at the Volunteer Parking Lot on the day of the theft a few hours prior to the time the car was missing; that about seven days later the defendant brought the stolen car into the Nashville Top and Trim Company with a request that the top be painted white; that when defendant brought the vehicle in, it admittedly had not license plates; and finally, that defendant was unable to locate the alleged person, or anyone who knew that person, who purportedly gave him possession of the stolen automobile.

█ Moreover, in considering these four assignments of error, we are met by a verdict of guilt, which, according to a long line of decisions, displaces the presumption of defendant's innocence, raises an inference of his guilt in this Court, and put upon him the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. *Ivy v. State,* 197 Tenn. 650, 277 S.W.2d 363 (1954); *Anderson v. State,* 207 Tenn. 486, 341 S.W.2d 385 (1959). We do not think defendant has carried this burden, and, therefore, overrule these assignments of error.

█ The defendant also insists that he was not afforded sufficient time to prepare his case after he was informed that the Public Defender had been appointed to defend him. He contends that he was required to go to trial some two hours after the Public Defender had been appointed, and that he was, therefore, denied his constitutional right of counsel.

We find no evidence in the bill of exceptions to support this claim. It is true that these matters are asserted in the motion for a new trial, but this is not sufficient since such a motion is a mere pleading and is no evidence or proof of the truth of the fact asserted by it; and affords no basis for this assignment of error. *Sherman v. State,* 125 Tenn. 19, 51, 140 S.W. 209 (1911); *Dupes v. State,* 209 Tenn. 506, 513, 354 S.W.2d 453 (1961).

The record shows that defendant was convicted of both larceny and of receiving the automobile, knowing it to have been stolen, which are separate and distinct crimes. True, it is common practice to join in one indictment separate counts for larceny and for receiving stolen property, and the State is not required to elect, but the verdict, if general, will be referred to whichever count is supported by the evidence. *Chapple v. State,* 124 Tenn. 105, 35 S.W. 321 (1911); *Raine v. State,* 143 Tenn. 168, 187, 226 S.W. 189 (1920).

It is a generally accepted rule, however, that the accused cannot be convicted of both larceny and of receiving the same property, since conviction of one necessarily precludes conviction of the other. This rule is well stated in 23A C.J.S. Criminal Law sec. 1403, p. 1094, as follows:

"One charged in separate counts with larceny and receiving may not be convicted under both counts, since the guilty receiver of stolen goods, cannot himself be the thief nor can the thief be the guilty receiver of goods which he himself has stolen."

This general rule is subject to this exception: that an accused may be convicted of receiving stolen property where he took no part in the actual caption and asporta-

tion in the larceny, but participated in it only as an accessory before or after the fact, or in a manner not involving his presence at the taking, even though made a principal in the larceny, by statute. *Liakas v. State,* 199 Tenn. 549, 552, 288 S.W.2d 430; *Cook v. State,* 84 Tenn. 461, 464, 1 S.W. 254, cases cited in the annotation, 136 A.L.R. 1088, 1090.

Although, so far as we are aware, we have no direct decision applying this rule, it is well settled in other states and has been recognized in our cases. In *Cook v. State,* supra, 84 Tenn. 464, 1 S.W. 255, the Court said:

"Although, as a general principle, a party guilty of stealing cannot be convicted of receiving the stolen goods. 2 Bish Crim.Law, sec. 1095." (and the Court went on to state the exception above referred to).

Likewise, in *Liakas v. State,* supra, 199 Tenn. 551-552, 288 S.W.2d 431, the Court recognized that larceny was a separate and independent crime from receiving stolen property and that "one cannot be guilty of feloniously receiving from himself" (the Court then quoted the above exception).

Also, in *Franklin v. State,* 202 Tenn. 666, 670, 308 S.W. 2d 417, it was held that larceny and receiving stolen property were distinct felonies, and that "[e]vidence sufficient to support a verdict of stealing the property is not, per se, sufficient to support a verdict of receiving such stolen property knowing it to be stolen * * *."; and that the State must establish that "some other person committed the larceny," from whom the accused received the goods.

As we have seen, the verdict in the case before us was not a general verdict, but was in fact two verdicts: one

for larceny, and the other for receiving the same stolen property, which verdicts are inconsistent and self-contradictory, since there was no evidence indicating any other person stole the automobile or implicating defendant as an accessory; and, therefore, both cannot stand.

It is true the penalty for each of these offenses is the same—not less than three nor more than ten years in the penitentiary; and, as stated, the judgment was that the sentences would run concurrently. So, defendant was not prejudiced by the rendition of two inconsistent verdicts, if the evidence made out a clear case of guilt under either of them, and the error would be harmless under our statute (T.C.A. sec. 27-117).

Viewing the evidence in the light most favorable to defendant, it seems clear that the evidence made out a case of guilt of receiving the stolen property, as found by the jury. The proof shows that the car was stolen and soon afterwards defendant was admittedly in possession of the stolen car, and was unable to give any reasonable account of how he came to be in possession.

Therefore, upon the authority of *Smith v. State,* 212 Tenn. 510, 370 S.W.2d 543, 546 (1963), and cases cited therein, the verdict and judgment on the larceny count will be stricken out and the verdict and judgment on the count for receiving stolen property will be affirmed, if the State consents; otherwise, the case will be reversed and remanded for a new trial.

## On Petition to Rehear

Defendant has filed a petition to rehear. He insists that, since larceny and receiving stolen property are separate and distinct offenses, he cannot, at the same

time, be guilty both as principal in the stealing of the goods and as receiver of the same from himself; and that no valid judgment can be entered on a verdict finding him guilty of both offenses; and he cites *Bargesser v. State,* 95 Fla. 404, 116 So. 12; and *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161.

*Bargesser v. State* applied the general rule pointed out in our former opinion. In that case, defendant was charged by information with a count for larceny of a car and a count for receiving the stolen car. The verdict of the jury found the defendant "guilty as charged in the information," which the court said was in effect a conviction upon both counts; and it held that since the verdict was one which the law did not authorize, the judgment thereon must be reversed.

■ Under the rule of practice in our state, however, a general verdict finding defendant guilty upon an indictment with a number of counts, some of which are legally invalid or unsupported by proof, will be referred to the count or counts which are good and judgment upon them will be affirmed. *Tenn. Central Ry. Co. v. Umenstetter,* 155 Tenn. 235, 237-238, 291 S.W. 452; *Mendolia v. State,* 192 Tenn. 656, 668, 241 S.W.2d 606.

■ As noted in our former opinion, however, the verdict in this case was not a general one but was in effect two verdicts, one for larceny of the car and the other for receiving the stolen car; and there being ample evidence to support the latter verdict, it was proper under our practice to disregard the former verdict as harmless error and affirm the judgment on the latter.

334

 In *Dunn v. United States,* supra, the Court (op. by Mr. Justice Holmes, with Justice Butler dissenting) held that consistency in a verdict is not necessary, that each count in the indictment is regarded as if it were a separate indictment, and each treated as if the several offenses were separately charged. Upon such a view, we may properly set aside so much of the judgment as is based upon a verdict on an invalid count and affirm so much of the judgment as rests upon a valid count. *Smith v. State,* 212 Tenn. 510, 370 S.W.2d 543, 546, and cases there cited.

We find no merit in the petition to rehear, and it is denied.