Alan KING and Rickey King, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 27, 1976.

Rehearing Denied Dec. 16, 1976.

Certiorari Denied by Supreme Court March 14, 1977.

Bernard K. Smith, McMinnville, for appellants.

R. A. Ashley, Jr., Atty. Gen., Donald S. Caulkins, Asst. Atty. Gen., Nashville, Charles M. Layne, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

RUSSELL, Judge.

Alan King and Rickey King appeal their convictions in the Circuit Court of Van Buren County.

The threshold problem is that it is nowhere found or specified what they are convicted of. They were jointly charged by indictment with larceny, receiving stolen property and concealing stolen property, the charges being contained in three distinct counts. The property involved was a truck worth substantially more than $100.00, so that the range of possible punishment was three to ten years on each count.

The learned trial judge charged the jury:

"And, in the event you should find these defendants guilty of either the first or the second or the third count of the indictment, it is not necessary that you specify in your verdict the count upon which you so find the defendants' guilt.

"In a case such as this, the State is not required to elect upon which count a conviction is sought. And, for this reason, you may return a verdict that you find the defendants guilty or not guilty as the proof may warrant under these instructions considered as a whole in the light of all the evidence that has been admitted to your consideration on trial."

Later in the charge, in dealing with the form that a guilty verdict would take, the judge said to report "guilty as charged".

The jury first reported a verdict of simply "guilty" and fixed one to three years. This verdict was refused, and they were reinstructed as to the range of punishment. The jury subsequently returned verdicts of "guilty", and nothing more, as to each defendant, and set three to five years as the punishment for each. Even during an individual polling of the jury nothing more than "guilty" was ever reported. It is true that the trial judge, on one occasion as to each verdict, did articulate it "guilty as charged". The trial judge stated, in pronouncing sentence: "It is the judgment of this Court, based upon the verdict of the jury finding you guilty as charged in the indictment, that you are sentenced * *." The technical record contains an entry labeled "Felony Judgement", which recites that the indictment charged "larceny, receiving and concealing"; that the jury found each appellant guilty; and:

"It is, therefore, ORDERED and ADJUDGED by this Court according to the findings of the jury aforesaid that the defendant is guilty as charged, and for his said offense will be confined in the penitentiary of the State of Tennessee for not less than 3 years, nor more than 5 years".

The only place in this record which attempts to reflect and record what crime the appellants were convicted of is the notation on the cover of the transcript of the technical record, which shows:

"Defendants found guilty of larceny, receiving and concealing and sentenced to not less than 3 years nor more than 5 years in State penitentiary".

The fault with all of this is that larceny, receiving stolen property and concealing stolen property are separate and distinct offenses. Our Supreme Court held, in *Jones v. State*, 219 Tenn. 228, 409 S.W.2d 169 (1966), that receiving stolen property and concealing stolen property were distinct offenses, and that the venue for the two offenses was not necessarily the same. The same court held, in *Deerfield v. State*, 220 Tenn. 546, 420 S.W.2d 649 (1967), that one who was acquitted of larceny but convicted of the combined charge of receiving and concealing stolen property could not be held guilty of receiving when all of the proof was that he was the thief, but could be tried for and possibly convicted of the distinct offense of concealing stolen property.

The facts of the instant case have to do with the alleged theft of a truck. There is direct evidence that Alan King stole the truck, and circumstantial evidence that Rickey King drove him to the scene and followed him away. The record does not disclose that the truck was ever found. There is no proof that it was received by either of these appellants; but, since the

truck apparently has never been found, and these two appellants were connected to its disappearance, there is that much evidence that they concealed or aided in concealing it.

It is obvious that the judgments against appellants are incomplete and too uncertain to be valid. Our Supreme Court, in *Swanner v. State*, 187 Tenn. 358, 215 S.W.2d 784 (1948), held, in a prosecution for assault with the intent to commit murder in the first degree, that a verdict, "we find the defendant guilty and fix his punishment at one year in the State Penitentiary", carried into the judgment on which sentence was pronounced and wherein also no offense was specified, was void for uncertainty, because the sentence fit more than one offense (assault to commit second degree murder and assault to commit voluntary manslaughter) and the jury never convicted the defendant of any specific offense.

The precise question that we are dealing with is not assigned as error, although it was set out in the motions for a new trial. In briefing another point, however, the State cites authority for the proposition that a general verdict is proper and will be applied to any good count in a multi-count indictment. The case of *Mendolia v. State*, 192 Tenn. 656, 241 S.W.2d 606 (1951), is somewhat supportive of upholding the general verdicts in this case, but two factors distinguish it from the case at bar. In *Mendolia* one defendant, charged in separate counts with being an accessory before the fact and an accessory after the fact, was found simply "guilty as charged". However, the sentence set was compatible only with guilt as an accessory before the fact, and a judgment of conviction of accessory before the fact was in fact entered.

In the case at bar the appellants are not convicted of a crime certain. While the evidence does not support a conviction for receiving, it cannot be said that there is no evidence of concealing. The sentence pronounced is equally applicable to either.

We hold that the learned trial judge invited this error by his charge; and the uncertainty which we hold to be fatal is nurtured clear through the final judgment and into this court. There is no conviction of a specific crime for us to reverse. Nor is there any way that we can determine what the jury meant to convict of. It is not beyond possibility that they found guilt of receiving stolen property, since that offense was charged, even though unproved.

We see no alternative to a reversal and a remand for a new trial, and it is so ordered.

GALBREATH and DAUGHTREY, JJ., concur.

## OPINION ON PETITION TO REHEAR

RUSSELL, Judge.

A proper petition to rehear has been filed by the State. Since these convictions were reversed upon an unbriefed error, we commend the State for bringing to our attention its position. While there is some support in the case law for the acceptance of a general verdict and the application of it to the highest good count in an indictment and the rendering of a judgment thereon, the case at bar is readily distinguishable.

In the instant case three offenses of equal rank were charged. The trial judge charged the jury that they need not decide of which offense they found guilt. They reported simply "guilty", which verdict was converted by the trial judge into "guilty as charged". The *judgment*, as we said in our original opinion, nowhere says of which of the three crimes the appellants were found guilty. They stand convicted, as of this day, of no specific crime. Such a procedure is not valid. How can we review the evidence to determine venue, *corpus delicti*, etc., if we do not know what the conviction is for? All of the indictment counts are good, so we are not casting out a bad count. All of the counts are for offenses of the same sentence level, so we cannot reasonably select a "greater" offense and apply the verdict to it. The sentence set is equally applicable to all three charges.

The State relies upon T.C.A. § 40–2707 to support the form of this verdict. That statute permits, *inter alia*, a verdict of "guilty

as charged in the indictment"; but implicit in that permission is the fact that there is a single charge to which the verdict can be applied, and that the court will then render an explicit verdict of guilty of that specified offense. An alternative form of verdict is set out in the same statute "guilty of—(whatever may be the offense charged, [and guilt found of])", which form calls for the insertion of the specific name of the offense, and obviously should be used either when more offenses than one are explicitly charged in separate counts or when the explicitly charged offense includes lesser offense(s). We hold that T.C.A. § 40–2707 does not validate the verdict in this case, given the total context.

We hold that *State v. Williams*, 490 S.W.2d 519 (Tenn.1973), in which the Supreme Court validated a certain amount of verdict reformation by the trial judge, does not make the instant reformation to "guilty as charged" a proper verdict. The trial judge apparently was operating on the premise that neither he nor the jury need ever select which of the three offenses were actually committed. This was error. In law and in truth, one could be guilty of both larceny and concealing stolen property, or receiving stolen property and concealing stolen property. The crime could be committed in different counties, even. They are separate offenses.

We note the dictum in the case of *Cook v. State*, 84 Tenn. 461, 1 S.W. 254 (1886) relied upon by the State, saying:

" * * * His Honor instructed the jury, that if they found the prisoner guilty, they must designate on which count of the indictment they so found, and they thereupon found him guilty upon the second count, as above stated. This instruction, in such a case, was improper, and should not have been given, as a general verdict would have been sustained, and in such cases it is often difficult to determine precisely whether a party has been guilty of the larceny of the goods or feloniously receiving them, when there is no doubt of his guilt of either one or the other offense, and the whole case ought to be left to the jury upon proper instructions as to each."

This gratuitous statement is eroded by the language of *Davis, alias J. Hennessy v. State*, hereinafter discussed, and is nonsense. It implies that the jury does not ever have to face up to the ultimate decision, and that the judge can convert a general verdict into a judgment that was never in fact made. It also completely ignores the fundamental concept that separate indictment counts represent separate and distinct charges.

The State cites *Chapple v. State*, 124 Tenn. 105, 135 S.W. 321 (1910). This case is supportive of the State's position. Two defendants were tried in a two-count indictment charging burglary and larceny in the first count and receiving stolen property in the second. The opinion says that "The plaintiffs in error were convicted", but does not say of what. It tells that the jury verdict was a general verdict. The opinion follows the rule that "where both counts are good, and there is no evidence to sustain one of the counts, a general verdict upon a correct charge will be applied to the count which is sustained by the evidence". The Court says further:

"It is clear that the jury intended to find John Chapple guilty under the first count, and W. A. Dawson under the second count, as there was evidence to convict John Chapple under the first count, and none against him under the second count, and evidence to convict W. A. Dawson under the second count, and none to convict him under the first count."

In effect, this rule would allow a jury to find "guilty of something charged", and the trial judge to apply that verdict to any charge validly made in the indictment and sustained by the proof. It is obvious that such a rule could never be intelligently applied where a charge or charges contained included offenses. Evidence of the greater will almost always support a conviction for an included offense. Would one always assume, contrary to plain experience with juries returning explicit verdicts, that the

general verdict of guilt was always for the greatest offense of which the State presented some proof? How could the judge, in a case such as *Chapple*, know that the jury really accepted as true all of the State's proof as to a certain offense, unless they said so?

The State cites *Peek v. State*, 213 Tenn. 323, 375 S.W.2d 863 (1964), which case does, by way of dictum, repeat the rule that in such a case of multiple charges a general verdict will be applied to a good count and a judgment thereon sustained. However, *Peek* is more supportive of our holding in the case at bar than it is of the State's position, when the true holdings are considered. It dealt with a two-count indictment charging larceny of an automobile in one count, and receiving the stolen car in the other. Explicit guilty verdicts were found as to each count, and separate concurrent sentences set. The Court set aside one, on the general proposition that larceny and receiving convictions will not both lie. The Court implicitly approved a separate verdict as to each count, the procedure of that case.

In the case of *Mendolia v. State*, 192 Tenn. 656, 241 S.W.2d 606 (1951), referred to in our original opinion, our Supreme Court upheld general verdicts of "guilty as charged" where two of the accused were charged with armed robbery only and the third with being an accessory (before the fact in one count and after the fact in another). The accessory's conviction was applied to the accessory before the fact count, because the sentence set was compatible only with that charge.

T.C.A. § 40–2519 is relied upon by the State, and provides:

"—A general verdict of guilty will be sustained if there is any one good count in the indictment sustained by proof, although the other counts may be fatally defective."

Neither this statute, nor the decisions construing it, deal with the situation represented by the case at bar. We have a general verdict returned in a case where multiple counts in an indictment are all good, and

charge offenses carrying the same sentence upon conviction so that the sentence set fits all of them, and the proof makes out a prima facie case on more than one count.

The case of *Davis, alias J. Hennessy v. the State*, 85 Tenn. 522, 3 S.W. 348 (1887), heretofore mentioned, condemned a charge calling for a general verdict, as was given in the case at bar. The opinion reads, in pertinent part:

"After properly instructing the jury with reference to the first and second counts respectively, the trial judge said:

'In case you find the defendant guilty, it is always safest for a jury to return a general verdict . . . and by fixing the punishment, leaving the Court the duty of affixing the count upon which the conviction should be placed.'

\* \* \* \* \* \*

"Though we do not approve the instruction upon this point, and think it contrary to the better practice, there is no positive error of law in it; and a reversal will not be predicated upon it when we can and do see that the defendant was not prejudiced thereby, the evidence clearly establishing his guilt of the higher offense."

It is unnecessary for us to overrule the cases holding that a general verdict may sometimes be applied selectively by the trial judge, although such a rule obviously raises serious questions in the area of jury trial rights and due process. We are dealing with a case that does not lend itself to the application of that rule, assuming its validity.

We adhere to our original opinion, and respectfully deny the petition to rehear.

GALBREATH and DAUGHTREY, JJ., concur.